THE STATE OF IOWA, *ex rel.* LEWIS *v.* YOUNG.

A notice of an election, published on the morning of the day on which the election is to be held, is no notice, in any legal and proper sense.

Where an act for the incorporation of a city, provided that the act shall take effect from and after its publication in certain newspapers named therein, and required the trustees of the township in which the city was situate, to cause a vote to be taken on the acceptance of said city charter, in the manner in which township elections are now called and holden, and also fixed the day on which such vote was to be taken, and required such election to be held between the hours of nine and ten, A. M., and four o'clock, P. M. of said day; and where the act was published in one of the papers on the 13th of February, 1857, and in an *extra* of the other paper, on the 16th of February, the day fixed in the act for taking the vote on accepting said charter, and before ten o'clock of said day, about 250 copies of said extra were circulated in said city; and where the only notice of said election on the adoption of the charter, was contained in said extra, issued on the morning of the election—at which election the said charter was adopted; *Held,* That the act contemplated that the township trustees should direct and fix the manner of calling and holding said election, and that the notice given, complied with neither the letter nor the spirit of the law.

*Appeal from the Johnson District Court.*

THIS was an agreed case, submitted to the District Court

of Johnson county, involving the right of the appellant (Young) to hold and exercise the office of mayor in the city of Washington, in this state. The court below having decided adverse to such right, the defendant appeals. The material facts will appear from the opinion.

*Clarke & Henley*, for the appellant.

*Joseph R. Lewis*, for the appellee.

WRIGHT, C. J.—On the 20th of January, 1857, an act was passed providing for the incorporation of the city of Washington, Washington county. By the last section of said act, it is provided that the same shall take effect from and after its publication in the Iowa City Republican and Washington Press. Section 44 requires "the trustees of Washington township, to cause a vote to be taken on the acceptance of said charter, (or act of incorporation,) in the manner in which township elections are now called and holden, in which the vote shall be for the charter, or against the charter, and shall be by ballot." If the vote resulted in favor of the charter, it was to be so declared, and thenceforth the same to be taken as accepted. The said election to be held between the hours of 9 and 10 o'clock, A. M. and 4 o'clock, P. M. on the 3d Monday (the 16th) February, 1857. It is admitted that this act was published in the Republican on the 13th, and in the Press *extra*, on the 16th of February; that before the hour of 10 o'clock, of said 16th, there was about 250 copies of said *extra*, circulated in said town of Washington; that a vote was taken on that day, upon the acceptance of said charter; and that such vote was in favor of the same, and the result being so declared, the defendant was afterwards, on the 1st Monday in March, 1857, under said charter, so treated as accepted, elected mayor, and entered upon the discharge of his duties. It is also admitted that the only notice given of said election, on the adoption of said charter, was contained in the

The State of Iowa, ex rel. Lewis v. Young.

said Press *extra*, issued on the morning of the taking of said vote.

This case is submitted to us without argument, and we are totally unadvised of the grounds assumed by the different parties. Several objections suggest themselves, as probably obtaining to the right of the defendant to exercise this office, but we shall refer to but one. The vote on the acceptance of said city charter, was to be taken in the same manner in which township elections are called and holden. The *calling* of an election, evidently contemplates some *notice*. After the organization of a township, it is believed, that with reference to the election of the usual officers chosen at an April election, the length of time required for such notice, is to be determined by the township trustees. Code, § 222. When a new township is organized, notice is required to be given for fifteen days prior to the first election. Sections 231, 232 and 233. If the notice or *calling* for the vote on the acceptance of this charter, is to be regulated by these last sections, then it is manifest that it was entirely insufficient, and that there could be no legal vote thereon. And if governed by the notice contemplated to be given by the trustees at the township elections, subsequent to the organization, we also think it was insufficient. A notice of an election published on the morning of the day on which the election is held, is no notice—or, at least, none in any legal or proper sense. We think that this act contemplated, that the trustees should give *notice* of said election—that they should direct and fix the manner of *calling* and holding the same, and that the notice given, complied with neither the letter nor spirit of the law. To recognize the validity of such a notice, and to say that the citizens of a particular locality, may have a charter, though ever so obnoxious, fastened upon them by a vote taken under such circumstances, we think would be dangerous in the extreme. In the present case, there is perhaps nothing obnoxious in the charter, and the election holden may correctly express public sentiment in that place in relation thereto, but this cannot change the principle that should obtain, when one is

sought for applicable to all cases. We conclude, therefore, that there was no legal election on the adoption of said charter; and that as a consequence, there was no act of incorporation authorizing the election of a mayor.

Judgment affirmed.