[No. A026274. First Dist., Div. Five. Oct. 23, 1985.]

UNITED PACIFIC-RELIANCE INSURANCE COMPANY,
Plaintiff and Appellant, v.
ANDREW DiDOMENICO et al., Defendants and Respondents.

Counsel

Ropers, Majeski, Kohn, Bentley & Wagner, Michael J. Brady and Gail Y. Norton for Plaintiff and Appellant.

Guyton N. Jinkerson and Shea & Jinkerson for Defendants and Respondents.

## Opinion

**HANING, J.**—Plaintiff and appellant United Pacific-Reliance Insurance Company (UPR) appeals from a judgment in favor of defendant and respondent Andrew DiDomenico individually and doing business as Dom's Shoe Repair, sustaining respondent's demurrer to appellant's complaint for declaratory relief as to insurance coverage on the basis of the statute of limitations. Appellant contends the statute of limitations does not bar a declaratory relief action on a contract commenced prior to breach, because the statute of limitations does not begin to run until such a breach occurs. Since it has continued to defend respondent in a pending tort action, appellant claims no breach has occurred to trigger the running of the limitations period. We agree and conclude the judgment sustaining respondent's demurrer must be reversed.

■ The sole issue[1] is whether the statute of limitations has commenced to run on a declaratory relief action to determine the obligation to provide coverage under an insurance policy, where no breach has occurred and no right to coercive relief has accrued. Does the mere right to institute the declaratory action antecedent to any breach start the running of the statute, or does the absence of a breach prevent the running of the limitations period until the breach actually occurs?

The facts are generally undisputed. Respondent had been a defendant in a criminal prosecution arising from an incident occurring on October 11, 1977, which resulted in an injury to Orlando Catelli and the death of his son, Peter. This prosecution ended in a mistrial due to a hung jury on July 11, 1980, and the case was dismissed on December 7, 1982. On October 10, 1978, while the criminal trial was pending, Orlando and Rose Catelli filed a civil action against respondent and others for personal injury and wrongful death arising out of the incident upon which the criminal charges were based.

Appellant assumed defense of the civil suit pursuant to a reservation of rights under a policy it had issued to respondent. While continuing to defend the tort action, appellant filed a complaint for declaratory relief on February 20, 1979, seeking an adjudication of no coverage, no duty to defend and no duty to indemnify respondent. Appellant claimed that the policy did not provide coverage for the circumstances upon which liability was sought in the civil suit.

On March 23, 1979, an order was issued in the declaratory relief action, staying the deposition of a potential witness in the criminal trial, and curtailing discovery by both sides until the criminal prosecution was concluded. On May 17, 1979, a similar stay order was issued in the tort action.

On July 11, 1983, the declaratory relief action was dismissed without prejudice. Two days later, on July 13, 1983, appellant filed a second com-

---

[1]Although respondent also contends that appellant's declaratory relief action is barred by the statute of limitations prescribed in Code of Civil Procedure section 583.210, which provides, in part: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant," and Code of Civil Procedure section 583.310 which provides: "An action shall be brought to trial within five years after the action is commenced against the defendant," we need not deal with this issue because the cited sections are inapplicable to the instant case for three reasons: (1) although appellant never served the first complaint for declaratory relief, respondent did make a general appearance by filing a notice of taking deposition. As a result, section 583.210 does not apply (Code Civ. Proc., § 583.220); (2) because an order was issued staying discovery within one month after the first declaratory action was commenced, any applicable statute of limitations was tolled (see *Hoover* v. *Galbraith* (1972) 7 Cal.3d 519, 526 [102 Cal.Rptr. 733, 498 P.2d 981]; see also Code Civ. Proc., § 356); and (3) the declaratory relief complaint was dismissed without prejudice prior to the running of the five-year period in section 583.310.

plaint for declaratory relief. Again, appellant sought an adjudication of no coverage, no duty to defend, and no duty to indemnify. Respondent demurred on the ground that the declaratory relief action was barred by the statute of limitations. The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal.

The leading case involving the statute of limitations for declaratory relief actions is *Maguire* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062].[2] "[T]he period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief. Thus, if declaratory relief is sought with reference to an obligation which has been breached and the right to commence an action for 'coercive' relief upon the cause of action arising therefrom is barred by statute, the right to declaratory relief is likewise barred. On the other hand, if declaratory relief is sought 'before there has been a breach of the obligation in respect to which said declaration is sought,' or within the statutory period after the breach, the right to such relief is not barred by lapse of time. [Citation.] There is no anomaly in the fact that a party may have a right to sue for declaratory relief without setting in motion the statute of limitations." (*Id.*, at p. 734.)

The language in *Maguire* pertaining to the statute of limitations for a declaratory action commenced before a breach has been interpreted to mean that "[u]ntil some conventional right of action has accrued, the statute of limitations does not operate independently to cut off the right to bring one for declaratory relief, and after a 'coercive' right of action has accrued the alternative right to bring an action for the declaratory remedy continues concurrently with the 'coercive' right of action." (*Tostevin* v. *Douglas* (1958) 160 Cal.App.2d 321, 330 [325 P.2d 130]; see also *Martin* v. *Henderson* (1953) 40 Cal.2d 583, 593 [255 P.2d 416]; *Pena* v. *City of Los Angeles* (1970) 8 Cal.App.3d 257, 262 [87 Cal.Rptr. 326].)

A cause of action accrues "when the wrongful act is done and the obligation or the liability arises, but it does not 'accrue until the party owing it is entitled to begin and prosecute an action thereon.' [Citation.]" (*United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770]; see also *Seelenfreund* v. *Terminix of Northern Cal., Inc.* (1978) 84 Cal.App.3d 133, 136 [148 Cal.Rptr. 307];

---

[2]The legal literature cites this case as the seminal authority setting forth the rules governing the statute of limitations period for declaratory relief actions. (See, e.g., 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 475, pp. 506-508; Annot. (1944) 151 A.L.R. 1076-1079; (1949) 62 Harvard L.Rev. 787, 830-832; (1965) 22 Am.Jur.2d, Declaratory Judgment, § 78, pp. 940-942.)

*County of San Diego* v. *Myers* (1983) 147 Cal.App.3d 417, 421 [195 Cal.Rptr. 124].)

In the instant case, the underlying cause of action for coercive relief would have accrued upon the breach of the contract of insurance. Such a breach would have occurred, for instance, had appellant refused to defend the tort action. In such a situation, the statute of limitations for a cause of action based on a written contract would be four years. (Code Civ. Proc., § 337.) However, because appellant assumed defense of the civil action and has continued to discharge its obligations under the policy, no breach of contract exists. In the absence of any breach, no cause of action for coercive remedy has accrued and no statute of limitations has been set in motion. Therefore, applying the principle set forth in *Maguire,* and as analyzed by Mr. Witkin in his authoritative treatise on California Civil Procedure, the statute of limitations has not commenced running against appellant's claim for declaratory relief. "The cause of action for declaratory relief may accrue, in the sense that an action may be maintained, before any breach occurs. This is the very purpose of the remedy. But it would be most undesirable to start the statute running at the moment a controversy arises; the less drastic remedy of a declaratory judgment should certainly not be barred before the remedy of damages or equitable relief for the actual breach. Again the rule seeks to make the same limitation govern the action for declaratory relief and the action for coercive relief; i.e., just as the statute will bar the declaratory remedy when the coercive remedy is barred . . ., so the statute will not bar the declaratory remedy while the coercive remedy remains. Under this rule the 'controversy' may be an ancient one, and the cause of action for declaratory relief may have accrued long before the suit, but the action may nevertheless be maintained. [Citation.]" (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 475, p. 507.)

Judgment reversed.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied November 15, 1985.