**WEST DES MOINES STATE BANK, Appellant,**

v.

**George M. MILLS; Patricia J. Mills; Mills Insulation Company, Inc.; D.G. Investments; Ed's Carpet; Shaw Industries, Inc.; and United Federal Savings Bank of Iowa, Appellees.**

**No. 91–324.**

Supreme Court of Iowa.

March 18, 1992.

Kermit B. Anderson of Herrick, Langdon & Langdon, Des Moines, for appellant.

John G. Fletcher and Robert D. Andeweg of Brown, Winick, Graves, Donnelly, Baskerville & Schoenebaum, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and SNELL, JJ.

HARRIS, Justice.

The trial court determined that legislation addressed to owners of farmland was also available to owners of other real estate. We reverse and remand.

In 1986 the Iowa General Assembly, by legislation entitled "Farm Crisis Program," responded in a number of ways to a national economic recession in agriculture. 1986 Iowa Acts ch. 1214. The preamble to the Act stated that the farm crisis program was:

> **AN ACT** relating to farm crisis relief, by providing ... a procedure for the waiver of homestead exemption....

*Id.* The effective date of the Act was May 29, 1986.

The General Assembly took pains in section 1 of the Act to explain the purpose of the farm crisis program, citing the suffering agricultural economy, which was said to be

> under severe financial stress due to low farm commodity prices, continuing high interest rates, and reduced net farm income.... Thousands of this state's farmers are unable to meet current payments of interest and principal on mortgages and other loan and land contracts and are threatened by the loss of their farmland, equipment, crops, and livestock through mortgage and lien foreclosures, forfeiture of real estate contracts, and other collections actions. The agricultural economic emergency requires an orderly process with state assistance to adjust agricultural indebtedness to preserve the general welfare and fiscal integrity of the state.

*Id.*

Section 8, the measure involved here, was just one of a wide variety of measures in the chapter, all of which were aimed at easing the plight of economically depressed farmers. It had to do with the waiver of homestead exemptions and became Iowa Code section 561.22 (1987). Section 8 sought to elevate farmers' awareness of their homestead exemptions when called upon to waive them in providing security in order to borrow money. This plaintiff, who is not a farmer, argues that the provision, though perhaps inadvertently, was worded so as to apply to all persons who waive homesteads in providing security for a

loan. He also claims that an amendment to the legislation, which unquestionably limits the section to farmers, is unconstitutional.

As originally enacted and taken out of context of the legislation of which it was a part, the provision did appear unrestrained in its sweep. It provided this new section in Iowa's homestead chapter:

> If a homestead exemption waiver is contained in a written contract, the contract must contain a statement in substantially the following form, in boldface type of a minimum size of ten points, and be signed and dated by the person waiving the exemption at the time of the execution of the contract: "I understand that homestead property is in many cases protected from the claims of creditors and exempt from judicial sale; and that by signing this contract, I voluntarily give up my right to this protection for this . property with respect to claims based upon this contract."

Iowa Code § 561.22.

Any opportunity for nonfarmers seeking the benefit of section 561.22 was short-lived. The next session of the legislature made its intent unmistakably clear, expressly limiting the application of section 561.22 to agricultural land. 1987 Iowa Acts ch. 67 §§ 1, 2. This amendment was specifically made retroactive to the effective date of Iowa Code section 561.22, May 29, 1986. *Id.*

The series of transactions leading to this dispute began on March 15, 1982, when defendant George Mills signed promissory notes to finance his insulation business. On the same day George and his wife Patricia signed a guaranty for Mills Insulation's debt to the plaintiff bank. As security for this guaranty, the Mills executed a second mortgage on their home.

In 1983 and again in 1986 the Mills refinanced the first mortgage on their home, which was held by another lender not involved in this suit. Each time the plaintiff bank accommodated the Mills by releasing and then renewing the second mortgage. The second time gave rise to the existing second mortgage. This was in September 1986, which was after adoption of section 561.22, but before adoption of its retroactive amendment. The waiver did not contain the statutory language demanded by the statute.

George's insulation business suffered reverses and defaulted on its obligations to the plaintiff bank. The bank then brought this suit, seeking, among other things, foreclosure of the second mortgage. The bank looked to the second mortgage because it was security for the guaranty which the Mills had executed in connection with George's business debt.

The Mills claim protection of section 561.22 in defending against foreclosure of their homestead. They do not assert there was anything amiss in their earlier waivers, executed before 1986. They do not claim they lacked understanding of their homestead rights. They do not deny they freely intended to effect the waiver. Their sole defense, and the only issue in this litigation, is that, for constitutional reasons, they should benefit from the original version of section 561.22. The trial court agreed and determined that the section, by its express terms, applied to the Mills, and that the amending legislation could not constitutionally be applied retroactively.

■ The trial court held that the amending legislation violated the contract, due process, and equal protection clauses of the United States and Iowa Constitutions. The court thus declined to enforce foreclosure against the Mills' homestead. Because the challenged trial court ruling is rooted in constitutional principles our review is de novo. *Federal Land Bank of Omaha v. Arnold,* 426 N.W.2d 153, 156 (Iowa 1988).

I. In *Arnold, id.* at 154, we held that a retroactive Act, which significantly altered the law with respect to redemption of homesteads situated on agricultural land, constituted a denial of equal protection and an impairment of contracts by the state. We adopted this three-step analysis for evaluating contract clause challenges to legislation:

> (1) If the state law operates as a substantial impairment of a contractual relationship,

(2) the State must have a significant and legitimate public purpose behind the regulation, which

(3) adjusts the contracting parties' rights and responsibilities based on reasonable conditions appropriate to the public purpose.

*Id.* at 159 (citing *Energy Reserves Group, Inc. v. Kansas Power & Light Co.,* 459 U.S. 400, 411–12, 103 S.Ct. 697, 704–05, 74 L.Ed.2d 569, 580–81 (1983)).

The district court here felt that the amending legislation failed each step of the analysis. As to the first, the court held it substantially impaired a contractual arrangement because "it severely affects their rights regarding their homestead...." As to the second *Arnold* step the district court held there could

be no legitimate public purpose in retroactively cutting off homestead rights of owners of nonagricultural property, while preserving the homestead rights of owners of agricultural property.

In finding the amendment to section 561.22 failed the third step of the *Arnold* analysis, the district court stated:

The arbitrary classification of homestead owners of non-agricultural property is neither reasonable nor rationally related to achieving the public purpose sought.

The views of the trial court with respect to each *Arnold* step are rooted in the belief that a homestead exemption is being terminated. In defending the trial court holding on appeal, the Mills point out that the courts "jealously" guard homestead rights, citing *Wright v. Flatterich,* 225 Iowa 750, 756, 281 N.W. 221, 224 (1938).

■ We readily agree that homestead interests merit the protection of the courts. The point is lost, however, because we are convinced the amendment to section 561.22 did not terminate any homestead rights. The amendment addressed a mere procedural step intended for those who undertake to waive homestead rights. To be sure, the procedural step was envisioned in the hope that it would encourage second thoughts about executing the waiver. But second thoughts about a waiver are removed from the homestead rights them-

selves. All the amendment did was to remove the requirement of specific additional wording in waivers. These words did not alone create or terminate a homestead; they were intended to remind the person signing the waiver that it was important. In reaching this conclusion we are not oblivious of the fact that the amendment only brought section 561.22 into square with the legislature's obvious original intent.

■ The Mills' contract claim suffers also from a fundamental factual flaw. They have no contract which incorporates the original version of section 561.22. Although the Mills contend otherwise, the provisions of the section, in its original or amended version, had nothing to do with the parties' negotiations or agreements. The Mills cannot borrow this statutory provision, of which all parties were oblivious, and pretend to incorporate it into this contract. The Mills rely on *Bridgman v. Wilcut,* 4 Iowa 563, 566 (1854), which did indeed incorporate existing homestead rights into a contract. *Bridgman* however cannot be extended to incorporation of statutory provisions for the *waiver* of homestead rights.

The trial court erred in finding a violation of the contract clauses.

II. The district court also found a due process violation in the amendment. It observed:

The effect of the Iowa legislature's retroactive amendment of section 561.22 deprives the Mills of their rights under the due process clauses of the Iowa and U.S. Constitution. The Mills' right to receive the notice required by section 561.22 affects their homestead rights which constitutes a right in property. To now say that such a right in property can be summarily cut off at a later date deprives the Mills of due process under the law.

■ Under the fourteenth amendment to the United States Constitution a state may not deprive a person of property "without due process of law." Article I, section 9, of the Iowa Constitution provides the same.

*See also Thorp v. Casey's Gen. Stores, Inc.*, 446 N.W.2d 457, 460 (Iowa 1989). A retrospective law that extinguishes a vested right in property violates due process. *State ex rel. Turner v. Limbrecht*, 246 N.W.2d 330, 334 (Iowa 1976), *overruled on other grounds by State ex rel. Miller v. Hydro Mag, Ltd.*, 436 N.W.2d 617, 622 (Iowa 1989); *see also* 16A Am.Jur.2d *Constitutional Law* § 663, at 644 (1979).

■ We think the trial court was wrong in finding the amendment "summarily cut off" any rights, much less homestead rights. We have said:

> The homestead exemption is not a vested right that cannot be impaired by legislation after it has been acquired. It is a statutory privilege depending on the will of the state.

*In re Estate of Ragan*, 237 Iowa 619, 623, 23 N.W.2d 521, 523 (1946); *see also* 16A C.J.S. *Constitutional Law* § 244, at 45 (1984); 40 Am.Jur.2d *Homestead* § 8, at 121 (1968).

Even if the Mills had a homestead right which became vested, there would still be no due process violation here. The only property described in the mortgage signed by the Mills on August 13, 1986, was their home. The Mills do not deny they freely intended to waive their homestead exemption. The change in section 561.22 did not summarily cut off the homestead exemption; the homestead exemption was consciously given up in the mortgage.

There is no merit in the Mills' due process challenge.

■ III. We likewise see no merit in the equal protection challenge. The threshold issue in addressing an equal protection challenge is to determine the type of scrutiny to be applied. *Mills v. State*, 308 N.W.2d 65, 66 (Iowa 1981). Because the distinction drawn by the legislature involves neither a fundamental right nor an inherently suspect classification, the least rigorous equal protection scrutiny is applicable. *Arnold*, 426 N.W.2d at 156 (citing *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511, 517 (1976)). Under this standard the classification need only bear a rational relationship to a legitimate state interest. *Arnold*, 426 N.W.2d at 156 (citing *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869, 881, 105 S.Ct. 1676, 1683, 84 L.Ed.2d 751, 761 (1985)). To prevail on this challenge the Mills would have to prove that no conceivable state of facts could justify the statute. *In re Bishop*, 346 N.W.2d 500, 505 (Iowa 1984). This they cannot do.

The crisis in the agricultural sector of the economy certainly made foreclosure of agricultural homesteads more likely than homesteads of other citizens. The legislature was entitled to accord farmers an additional reminder that they were giving up important rights when signing an instrument containing a homestead waiver.

IV. Courts are properly wary of retroactive legislation. We have said it is the fundamental prerogative of the legislature to declare what the law shall be, but it is for the courts to declare what the law is. *Slockett v. Iowa Valley Community Sch. Dist.*, 359 N.W.2d 446, 448 (Iowa 1984). We have nevertheless held that the legislature, in limited situations, may enact curative legislation which has retroactive effect. *Schwarzkopf v. Sac County Bd. of Supervisors*, 341 N.W.2d 1, 4 (Iowa 1983). *See also* 2 Sutherland, *Statutes and Statutory Construction* § 41.11, at 289–90 (Sands 4th ed. 1973). The retroactive amendment here was a legitimate and proper use of legislative authority.

The trial court erred in refusing to grant the foreclosure against the Mills' homestead property. The judgment of the trial court must therefore be reversed and the case remanded for entry of a judgment in accordance with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.