BOB McKINESS EXCAVATING & GRADING, INC., Appellant,

v.

MORTON BUILDINGS, INC., Appellee.

No. 92–1644.

Supreme Court of Iowa.

Oct. 20, 1993.

Randall E. Nielsen of Pappajohn, Shriver, Eide & Nicholas, P.C., Mason City, for appellant.

James A. Gerk and James M. Peters of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

This appeal involves the application of a statute of limitations to an action arising out of defective improvements to real property. *See* Iowa Code § 614.1(11) (1991). The plaintiff appeals from a summary judgment ruling dismissing its action at law for property damage sustained when a building constructed by the defendant collapsed in 1991. The district court granted defendant's motion for summary judgment on the ground that the statute of limitations defense was established as a matter of law. We affirm.

I. *Background.*

In November 1970, the plaintiff, Bob McKiness Excavating & Grading, Inc. (McKiness), entered into a written agreement with the defendant, Morton Buildings, Inc. (Morton), to construct a steel and wood "pole" building for equipment storage. Construction involved embedding wooden poles in holes in the ground filled with cement and placing trusses over the poles to finish the building. This building was completed in 1971. In September of 1973, McKiness entered into a new contract with Morton for the construction of a second pole building that

was completed in 1974. The first building collapsed under heavy snow and ice on January 19, 1991, resulting in damage to the building and to equipment stored in the building. The second building remains intact.

McKiness filed this action for damages in October of 1991. The amended petition alleges breach of an implied warranty of merchantability, negligence in design and construction, strict liability, and nondisclosure or misrepresentation. McKiness also seeks damages to correct defects and to prevent problems with regard to the second building. In answer to the petition, Morton raised a statute of limitations defense.

Subsequently, Morton moved for summary judgment claiming that the fifteen-year statute of limitations for improvements to real property founded on tort and implied warranty, Iowa Code § 614.1(11), precluded relief under any of the causes of action alleged in the petition. McKiness resisted and filed a cross-motion for summary judgment challenging the application of and the constitutionality of subsection 614.1(11). Finding as a matter of law the claims were barred by the statute, the district court sustained Morton's motion for summary judgment. McKiness appealed.

On appeal, McKiness argues subsection 614.1(11) does not bar his claim for a number of reasons: (1) the statute is not applicable because the acts of negligence occurred before the statute was enacted in 1986, thus application of the statute would violate its due process rights; (2) the discovery rule applies to the claims of warranty, negligence and strict liability; and (3) the claim based on nondisclosure and misrepresentation falls within the special discovery rule for claims based on fraud.

The district court concluded there was no due process infringement because the cause of action accrued in 1991, after the statute was enacted. The court further held the discovery rule did not override subsection 614.1(11), which barred the cause of action from arising fifteen years after the construction of each building. Also the court rejected the argument that nondisclosure or misrep-

resentation fell outside the purview of the statute.

## II. *Summary Judgment.*

■ Summary judgment is proper only when the entire record before the court shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fees v. Mutual Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992); Iowa R.Civ.P. 237(c). While negligence actions are seldom capable of summary adjudication, "[n]o fact question exists if the only dispute concerns the legal consequences flowing from undisputed facts." *Ottumwa Hous. Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993). The principal question presented is the application of subsection 614.1(11). Because this is a pure question of law, the question is ripe for summary disposition.

## III. *Statutes of Limitations and Repose.*

■ Iowa Code section 614.1 sets forth both general and specific provisions limiting the time periods in which actions may be brought. In general, actions for injuries to property and for relief on the ground of fraud must be brought within five years, and actions founded on written contracts must be brought within ten years. *See* Iowa Code §§ 614.1(4), (5). The general provisions of section 614.1 establish a limitations period that begins to run when the cause of action accrues. It is well settled that no cause of action accrues under Iowa law until the wrongful act produces loss or damage to the claimant. *See, e.g., Scott v. City of Sioux City*, 432 N.W.2d 144, 147 (Iowa 1988); *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 462 (Iowa 1984).

■ While Iowa Code chapter 614 is captioned "Limitations of Actions," subsection 614.1(11) is, in effect, a statute of repose. "Statutes of repose are different from statutes of limitation, although they have comparable effects." *Hanson v. Williams County*, 389 N.W.2d 319, 321 (N.D.1986). A statute of limitations bars, after a certain period of time, the right to prosecute an accrued cause of action.

By contrast, a statute of repose "terminates any right of action after a specified time has elapsed, regardless of whether or not there has as yet been an injury." *Id.* at 321.

A statute of repose period begins to run from the occurrence of some event other than the event of an injury that gives rise to a cause of action and, therefore, bars a cause of action before the injury occurs. *Id.; see also Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834 (Mo.1991). Under a statute of repose, therefore, the mere passage of time can prevent a legal right from ever arising. *See Koppes v. Pearson*, 384 N.W.2d 381, 385 (Iowa 1986) (analyzing Iowa Code subsection 614.1(9) relating to medical malpractice claims); *Harris v. Clinton Corn Processing Co.*, 360 N.W.2d 812, 816–17 (Iowa 1985) (interpreting a Tennessee statute of repose).

■ Initially, McKiness contends that because its cause of action is based on a defective design, the action arose at the time the buildings were completed in 1971 and 1974. Morton challenges this contention noting that if the completion dates are used for accrual of the cause of action, then the claims are barred by either of the general limitations periods of subsection 614.1(4) or (5). McKiness then counters this argument by raising the application of the discovery rule to its claims.

Under the discovery rule, "a cause of action based on negligence does not accrue until plaintiff has in fact discovered that he has suffered injury or by exercise of reasonable diligence should have discovered it...." *Chrischilles v. Griswold*, 260 Iowa 453, 150 N.W.2d 94, 100 (1967). We have applied the discovery rule to a variety of claims including negligence, products liability, and warranty. *See, e.g., Franzen v. Deere & Co.*, 334 N.W.2d 730, 732 (Iowa 1983) (products liability); *Brown v. Ellison*, 304 N.W.2d 197, 201 (Iowa 1981) (express and implied warranties); *Chrischilles*, 150 N.W.2d at 100–01 (negligence).

Although the alleged negligent acts are traceable to the construction dates, no cause of action accrued until the acts or omissions produced injury. *Chrischilles*, 150 N.W.2d

at 100. We find no evidence in the record that McKiness knew or should have known of any potential design defects prior to the collapse of the first building in 1991. It was at that point McKiness sought an expert opinion on the cause of the collapse and the potential problems with the second building. The district court's conclusion that the claims for implied warranty, negligence and strict liability accrued in 1991, rather than 1971 and 1974, is correct. Our review, however, does not end here. The district court granted Morton's motion for summary judgment on the basis of a special limitations provision. We must now examine the scope and the constitutionality of this statute.

### IV. *Iowa Code Section 614.1(11).*

The focus of this appeal is a special limitations provision directed at improvements to real property. Subsection 614.1(11) provides in part:

> In addition to limitations contained elsewhere in this section, an action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty and for contribution and indemnity, and founded on injury to property, real or personal, or injury to the person or wrongful death, shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death.

The parties do not dispute this action arises out of an unsafe or defective condition of an improvement to real property. McKiness' claims of negligence, implied warranty, and strict liability clearly fall within the scope of those statutory claims based on tort and implied warranty. As to the remaining claim, McKiness urges that nondisclosure and misrepresentation constitute an action for fraud rather than tort. Claims for nondisclosure, misrepresentation (negligent or fraudulent) and fraudulent concealment, however, are all actions founded in tort. *See* Restatement (Second) of Torts §§ 525, 550–552 (1977).

■ The fifteen-year period of repose begins to run with the date of the occurrence of the act or omission alleged to have been the cause of the injury. Iowa Code § 614.1(11). Here, the period began to run with the completion of each building, in 1971 and 1974 respectively, and expired in 1986 and 1989. Subsection 614.1(11) appears on its face to operate as a complete bar to this action. We next address the remaining arguments raised by McKiness in its resistance to summary judgment.

■ McKiness argues the discovery rule removes the action from the reach of the statute because the cause of action accrued and was filed in 1991. We faced a similar question under a special six-year limitations provision for medical malpractice claims in *Koppes.* 384 N.W.2d at 381. Relying on legislative history and the language of the statute, we held that Iowa Code subsection 614.1(9) was added to restrict the use of the discovery rule in a medical malpractice case. *Id.* at 387; *Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 395 (Iowa 1983).

We reach the same conclusion as to subsection 614.1(11). This statute expressly provides it is in addition to any other limitations under chapter 614. It provides actions "arising out of unsafe or defective conditions ... shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant...." Express warranty claims and claims against owners, occupants, or operators of improvements to real property are not barred by the subsection. *Id.*

McKiness' argument fails to distinguish between an ordinary statute of limitations and a statute of repose. Under subsection 614.1(11), a statute of repose, McKiness' cause of action was eliminated before the injury occurred and before the cause of action accrued. We find the plain language of the statute evinces a legislative policy decision to close the door after fifteen years on certain claims arising from improvements to real property. We therefore hold the discovery rule does not apply to causes of action that fall within subsection 614.1(11).

■ Additionally, McKiness challenges the constitutionality of subsection

614.1(11) on due process grounds. *See* Iowa Const. art. I, § 9. We consider the Iowa and federal due process provisions to be "identical in scope, import, and purpose." *Koppes,* 384 N.W.2d at 385 (citations omitted); *see also West Des Moines State Bank v. Mills,* 482 N.W.2d 432, 436 (Iowa 1992). We accord duly enacted statutes a strong presumption of constitutionality. *Koppes,* 384 N.W.2d at 385.

▉▉▉▉ McKiness attempts to avoid application of subsection 614.1(11) by asserting that such a statute cannot cut off an existing property right. It is true that once a cause of action accrues, a plaintiff has a vested property right that cannot be summarily destroyed by legislative action. *Mills,* 482 N.W.2d at 436; *Thorp v. Casey's General Stores, Inc.,* 446 N.W.2d 457, 462–63 (Iowa 1989). However, subsection 614.1(11) became effective April 21, 1986, 1986 Iowa Acts, ch. 1120, § 1, and McKiness' cause of action accrued at the time of the discovery in January of 1991. Therefore, McKiness had no existing property right at the time the statute was enacted. When the period of repose runs before a cause of action accrues, no legal right can thereafter arise. *See generally Patel v. Fleur de Lis Motor Inns, Inc.,* 771 F.Supp. 961 (S.D.Iowa 1991) (upholding Iowa Code subsection 614.1(11) against constitutional challenges).

Other states have enacted statutes of repose, similar to subsection 614.1(11), limiting the time in which an action can be brought against architects and builders for defects arising from improvements to real property. *See, e.g., Blaske,* 821 S.W.2d at 827 n. 9 (collecting cases); *Sartori v. Harnischfeger Corp.,* 432 N.W.2d 448, 453 n. 6 (Minn.1988). A majority of states have held these statutes constitutional. *Blaske,* 821 S.W.2d at 828 nn. 10–11.

▉▉▉▉ Likewise, the Supreme Court has stated that a litigant does not have a vested property right in any rule of the common law. *Duke Power Co. v. Carolina Envtl. Study Group, Inc.,* 438 U.S. 59, 88 n. 32, 98 S.Ct. 2620, 2638 n. 32, 57 L.Ed.2d 595, 621 n. 32 (1978). "The Constitution does not forbid . . . the abolition of old [rights] recognized by the common law, to attain a permissible legislative object. . . ." *Id.* (internal quotations omitted). Thus, if the legislature can abolish a cause of action for a legitimate purpose, it also may prevent a cause of action from arising by enacting a statute of repose. *See Koppes,* 384 N.W.2d at 384 (rejecting a due process challenge to Iowa Code § 614.1(9)). Limitation periods "are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay." *Schulte v. Wageman,* 465 N.W.2d 285, 287 (Iowa 1991).

We believe the legislature intended that, after passage of a reasonable period of time, persons no longer having any interest in or control over the improved property should not be held liable for injury or death caused by defective or unsafe conditions. The legislature could reasonably have determined that:

> [t]he lapse of time between completion of an improvement and initiation of suit often results in the unavailability of witnesses, memory loss and a lack of adequate records. Another problem particularly critical is the potential application of current improved state-of-the-art standards to cases where the installation and design of an improvement took place many years ago.

*Sartori,* 432 N.W.2d at 454. We find a rational basis for the legislature's decision and hold that subsection 614.1(11) does not violate the Due Process Clause of either the United States Constitution or the Iowa Constitution.

## V. *Fraud.*

▉▉▉▉ Finally, McKiness tries to avoid the statutory bar by asking us to find that its claim for nondisclosure and misrepresentation is a form of fraud and we should therefore apply a special discovery rule. *See* Iowa Code § 614.4. The party asserting an exception to a limitations period has the burden of proving the exception. *Id.; Beeck v. Aquaslide 'N' Dive Corp.,* 350 N.W.2d 149, 157 (Iowa 1984).

▉▉▉▉ Subsection 614.1(4) provides a five-year period for relief based on fraud and

section 614.4 provides that a fraud action is not deemed to have accrued until the fraud has been discovered. We have narrowly construed the term "fraud." Generally, if it is an action at law for money damages, section 614.4 does not apply. *Koppes*, 384 N.W.2d at 386.

We must look beyond the labels to the actual nature of the action. *Id.* In its resistance to summary judgment, McKiness has failed to present any factual record of fraudulent misrepresentation or fraudulent concealment concerning the building plans or the construction. We conclude all claims raised by McKiness are based on tort or implied warranty. The district court did not err in concluding as a matter of law that subsection 614.1(11) barred all claims pleaded by McKiness.

**AFFIRMED.**