Brian **JARNAGIN**, Appellant,

v.

**FISHER CONTROLS INTERNATIONAL, INC.; Fisher Service Co., Inc., Fisher Rosemount Systems; and Emerson Electric Company, Appellees.**

No. 96–1060.

Supreme Court of Iowa.

Dec. 24, 1997.

Robert A. Nading II, Ankeny, and Don G. Beattie and Ed Skinner, Altoona, for appellant.

George W. Flynn and Thomas Klosowski, Minneapolis, Minnesota, and Frank A. Comito of Frank A. Comito, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

Plaintiff appeals the district court's ruling granting defendants' motion for summary judgment. He argues the district court erred in finding LP gas regulators were improvements to real property and thus that his action was barred by the statute of repose set forth in Iowa Code section 614.1(11) (1995). We affirm.

## I. Background Facts and Proceedings.

On February 17, 1994, the plaintiff, Brian Jarnagin, was injured when he attempted to relight the pilot on the LP gas furnace located in his home. The furnace received LP gas from a line connected to an LP tank located on Jarnagin's property outside of the home. The gas system included regulators manufactured by the defendants, Fisher Service Co., Inc., Fisher Rosemount Systems, Fisher Controls International, Inc., and Emerson Electric Company (hereinafter Fisher). The first stage regulator was manufactured in 1950 and was attached to the gas tank. The second stage regulator was manufactured in 1956 and attached to the gas line running to the home.

In September 1994, Jarnagin commenced an action raising tort claims against Fisher, the LP gas retailer, its parent company, the LP gas suppliers, the manufacturers of odorant added to LP gas, and the furnace manufacturer. Fisher filed a motion for summary judgment asserting that the tort claims against it were barred by the fifteen-year statute of repose, Iowa Code section 614.1(11). Jarnagin resisted the motion.

Following a hearing, the district court sustained Fisher's motion for summary judgment and dismissed it from the action. The

court concluded that the LP gas regulators were improvements to the real estate subject to the statutory period of repose set forth in section 614.1(11).

Jarnagin apparently settled with the other defendants and dismissed his petitions against them. He now appeals the district court's ruling granting Fisher's motion for summary judgment.

## II. Propriety of Summary Judgment.

Jarnagin maintains that the LP gas regulators were not improvements because he did not intend that they be permanently attached to his property, they were located outside of the home, and they were not considered in determining the value of the real estate. He asserts that the question of whether the regulators were improvements is a genuine issue of material fact which precludes summary judgment.

■ The issue in this case centers on an interpretation of section 614.1(11). "This is a legal question, properly resolvable by summary judgment." *Krull v. Thermogas Co.,* 522 N.W.2d 607, 610 (Iowa 1994). Our review is on error. Iowa R.App. P. 4.

Iowa Code section 614.1(11) provides in pertinent part that:

an action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty and for contribution and indemnity, and founded on injury to property, real or personal, or injury to the person or wrongful death, shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death.

The regulators were manufactured in 1950 and 1956, and Jarnagin filed his petition in 1994; therefore, the action is time-barred if the regulators are improvements.

■ In *Krull,* 522 N.W.2d at 611 (citing Webster's Third International Dictionary 1138 (P. Gove ed.1993)), we adopted the following definition of an improvement:

"a permanent addition to or betterment of real property that enhances its capital val-

ue and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs."

■ Citing *Krull,* the district court concluded that the regulators enhanced the home's value, that there was a financial expenditure for the improvement, and that the improvement made the home more useful. We agree.

■ To be an improvement a product must be *either* a "permanent addition to *or* a betterment of real property that enhances its capital value...." *Id.* (emphasis added). Permanence is not, as Jarnagin urges, an absolute requirement of an improvement but one of two alternative requirements. Nor, as Jarnagin contends, must the owner have the intent to make an improvement permanent for it to be considered permanent. *See Tallman v. W.R. Grace & Co.-Conn.,* 558 N.W.2d 208, 211 (Iowa 1997) (intent is an unreliable touchstone for determining whether the material is an improvement). Even though there is no absolute requirement that a product be a permanent addition to the real property, here we find the regulators were such a permanent addition. *See id.; see, e.g., Patel v. Fleur de Lis Motor Inns, Inc.,* 771 F.Supp. 961, 965 (S.D.Iowa 1991) (soap dish was improvement under Iowa statute even where installation was not regarded as permanent); *Cyrus v. Henes,* 89 Ohio App.3d 172, 623 N.E.2d 1256, 1258 (1993), *rev'd on other grounds,* 70 Ohio St.3d 640, 640 N.E.2d 810 (1994) (permanence does not imply that the addition will never be removed or replaced).

The alternative to the requirement that a product be a permanent addition to the real property is that it is a betterment of real property that enhances its capital value. Despite the affidavit of Jarnagin's appraiser, Edward Knape, who stated that the regulators did not enhance the value of the real estate, we find, as the district court did, that the regulators did enhance the home's value. *See Krull,* 522 N.W.2d at 612 ("as a part of the furnace, the control valve was a betterment of the Krull home"). The regulators, part of a properly working furnace, increased

the home's value by making it more comfortably inhabitable in cold temperatures.

Further, we believe the district court correctly found, and Jarnagin does not contest, that the regulators met the remaining criteria for an improvement—that they involved the expenditure of labor or money and were designed to make the property more useful *or* more valuable as distinguished from ordinary repairs. *Id.* at 611. Here, the regulators were clearly designed to make the property more useful and valuable by providing regulation of gas pressure to the home's furnace and appliances.

Finally, we reject Jarnagin's attempt to distinguish the regulators from the definition of improvement on the basis that they are located outside the home. The definition of an improvement adopted in *Krull* refers to improvements to "real property." *Id.* Real property is defined as "[l]and, and generally whatever is erected or growing upon or affixed to the land." *Black's Law Dictionary* 1218 (6th ed.1990). In this case, the regulators enhanced the value of the home which was erected on the land; therefore, it is not significant that the regulators were physically located outside of the home.

### III. Summary.

The district court properly found the regulators at issue were improvements pursuant to section 614.1(11) and, therefore, that Jarnagin's action against Fisher was time-barred. We affirm.

**AFFIRMED.**