# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3169

_____

Marion L. Harder, Executor of the            *
Estate of Oscar O. Harder; Marion L.         *
Harder, Individually,                        *
                                             *
        Plaintiffs-Appellees,                *
                                             *
    v.                                       *
                                             *
Acands, doing business as A C & S,           *
Inc., a Delaware corporation formerly        *
Armstrong Contracting & Supply, Inc.;        *
Armstrong World Industries, doing            *
business as A C & S, Inc., a                 *
Pennsylvania corporation individually        *      Appeal from the United States
and as successor in interest to              *      District Court for the Northern
Armstrong Cork Company, and as               *      District of Iowa.
successor in interest to Armstrong           *
Contracting & Supply, Inc., now known        *
as Acands, Inc.; Fibreboard, a               *
Delaware corporation, individually and       *
as successor in interest to Fibreboard       *
Paper Products Corp., Pabco Insulation       *
Company, Plant Rubber & Asbestos             *
Works and Plant Asbestos Co.;                *
Flexitallic Gasket Company, Inc., a          *
Delaware Corp.; Foster Wheeler               *
Corporation; Foster Wheeler                  *
Corporation, a New York Corporation;         *
Foster Wheeler Corporation, a                *
Delaware Corporation, individually and       *
as a subsidiary of Foster Wheeler            *

Corporation;                                    *
                                                *
              Defendants,                       *
                                                *
General Electric Co., a New York                *
Corporation;                                    *
                                                *
              Defendant-Appellant,              *
                                                *
GAF Corporation, a Delaware Corp.,              *
individually and as successor in interest       *
to the Ruberoid Company; A P Green              *
Industries, Inc., a Delaware Corp.;             *
Keene Corporation, a Delaware and               *
New York Corp., individually and as             *
successor in interest to Baldwin-Hill           *
Co., Baldwin-Ehret-Hill, Inc., Ehret            *
Magnesia Manufacturing Co., the                 *
Insulation division of Mundet Cork              *
Co., and as owner of or successor in            *
interest to Keene Building Products             *
Corp.; Owens-Corning Corporation, a             *
Delaware Corp.; Owens-Illinois, Inc., a         *
Delaware and an Ohio Corp.; United              *
States Gypsum Company, formerly                 *
known as A P Green Refractories                 *
Company, a Delaware Corporation,                *
individually and as successor in interest       *
to A P Greene Industries, Inc.,                 *
                                                *
              Defendants,                       *
                                                *
        v.                                      *
                                                *
Owens-Corning Corporation;                      *
                                                *
              Third Party Plaintiff,            *

|                                                    | * |
| -------------------------------------------------- | - |
| Manville Corporation Asbestos Disease              | * |
| Compensation Fund,                                 | * |
|                                                    | * |
|                          Third Party Defendant.    | * |

_____

Submitted: April 21, 1999
Filed: June 9, 1999

_____

Before BOWMAN,[*] Chief Judge, FAGG, Circuit Judge, and BOGUE,[**] District Judge.

_____

FAGG, Circuit Judge.

In this diversity case, we must decide whether Iowa's statute of repose for improvements to real property bars an action for injury allegedly caused by a component of an improvement to real property. We conclude that it does.

As long as seventy years ago, steam turbines manufactured by General Electric Co. (GE) were permanently installed in certain Iowa power plants to generate electricity. The one-hundred-ton turbines are sunk in concrete foundations and connected to other power equipment with miles of complex piping and wiring. As components of each steam turbine, GE supplied nearly one hundred custom-made, specifically fit thermal asbestos insulation blankets, which are hooked between the turbine's interior and exterior steel casings with steel fasteners and are numbered to

_____

[*]The Honorable Pasco M. Bowman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999. He has been succeeded by the Honorable Roger L. Wollman.

[**]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

-3-

designate their specific placement. The blankets maximize energy efficiency and prevent utility workers from burning themselves on the turbines. Oscar O. Harder, a general maintenance worker at the plants from 1956 through 1989, overhauled the GE steam turbines as part of his regular duties. During the overhauls, which were done about every five years, Harder removed the asbestos insulation blankets to aid inspection and servicing of the turbine's internal components. See GE app. at 46, 54 (GE Exhibit in Support of Summary Judgment Motion, Deposition of Oscar Harder). Once removed, the blankets were stored on the turbine room floor and were not handled again until Harder put the blankets back on the turbines following the overhauls' completion. See id.

In 1993, Harder learned he had mesothelioma, a deadly asbestos-related cancer. The same year, he and his wife Marion L. Harder brought this action against GE and others alleging Harder's on-the-job exposure to asbestos caused his disease. Harder later died and his wife was substituted as the proper party to pursue her husband's claims. See Fed. R. Civ. P. 25(a). GE moved for summary judgment asserting Iowa's fifteen-year statute of repose for improvements to real property bars the claims against GE because the turbines and blankets were installed more than fifteen years before the Harders filed their lawsuit. The district court denied the motion. Stating the blankets were detached from the turbines at the time of Harder's exposure, the district court held the detached blankets could not be deemed improvements to real property under Iowa law. See Harder v. Acands, Inc., 11 F. Supp. 2d 1055, 1062-65 (N.D. Iowa 1998). The district court nevertheless recognized its ruling involved a controlling question of law on which there are substantial grounds for differing opinions, and stated an immediate appeal might materially advance the ultimate termination of the case. We thus exercised our discretion to permit an interlocutory appeal under 28 U.S.C. § 1292(b), and now reverse.

We review a denial of summary judgment de novo. See Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998). Summary judgment is appropriate if the evidence,

viewed in Harder's favor, shows there is no genuine issue of material fact and GE is entitled to judgment as a matter of law. See First Bank of Marietta v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998). We apply Iowa law in this diversity action, and decide the case as we believe the Iowa Supreme Court would. See id. Contrary to Harder's assertion, we give no deference to the district court's interpretation of state law. See Salve Regina College v. Russell, 499 U.S. 225, 239-40 (1991); Hogge, 161 F.3d at 510.

GE asserts Iowa's statute of repose for improvements to real property, Iowa Code § 614.1(11), bars Harder's action. The statute provides that "an action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty . . . and founded on . . . injury to the person or wrongful death, shall not be brought more than fifteen years after [the allegedly harmful] act or omission." According to the Iowa Supreme Court, fifteen years after an improvement to real property is made, certain claims arising from the improvement are extinguished, regardless of whether there has been an injury yet. See Krull v. Thermogas Co., 522 N.W.2d 607, 611 (Iowa 1994); Bob McKiness Excavating & Grading, Inc. v. Morton Buildings, Inc., 507 N.W.2d 405, 408 (Iowa 1993). GE contends the steam engines and their component insulation blankets are improvements to real property under Iowa's statute, and because the turbines and blankets were installed more than fifteen years before commencement of this action, Harder's claims are barred.

The Iowa Supreme Court has defined "improvement" for the purposes of § 614.1(11) as "'a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the real property more useful or valuable as distinguished from ordinary repairs.'" Krull, 522 N.W.2d at 611 (quoting Webster's Third New International Dictionary 1138 (1993)). Applying this definition, the court concluded a gas control valve for a furnace became an improvement to real property when it was installed in a house because the furnace could not work properly without the valve and the home could not be heated

without the furnace.  See id. at 611-12.  In another case, the court held asbestos insulation products were not permanent additions to or betterment of real property before or during their attachment to duct work and boilers.  See Buttz v. Owens-Corning Fiberglas Corp., 557 N.W.2d 90, 91-92 (Iowa 1996).    The court later concluded an excess asbestos spray used to fireproof structural steel was an improvement within the statute's meaning because the spray had become physically attached before the plaintiff was exposed--as it fell from ceiling support wires and as he removed it from inside electrical boxes in the process of wiring--even though the spray was not intended to and did not actually enhance the property's value.  See Tallman v. W.R. Grace & Co.-Conn., 558 N.W.2d 208, 209-11 (Iowa 1997).  Most recently, the court held liquid propane gas regulators physically located outside a home were improvements to real property as part of a properly working home furnace.  See Jarnagin v. Fisher Controls Int'l, Inc., 573 N.W.2d 34, 36-37 (Iowa 1997) (per curiam).  Thus, under Iowa law, the fifteen-year repose period starts after an improvement's physical attachment to real property, see Buttz, 557 N.W.2d at 91-92; Krull, 522 N.W.2d at 611; McKiness, 507 N.W.2d at 409, and the improvement may remain one for repose purposes after it is physically detached, see Tallman, 558 N.W.2d at 209-11.

Like the district court, we conclude the turbines are improvements to real property.  See Harder, 11 F. Supp. 2d at 1061-62.  The district court also found, based on the undisputed evidence, that the blankets were essential components of the turbines and the turbines were not meant to function without the blankets.  Nevertheless, the district court concluded the blankets lost their status as improvements while they were temporarily detached from the turbines for routine maintenance.  We disagree with this conclusion.

Based on existing Iowa case law, we believe the Iowa Supreme Court would hold that once the blankets were attached to the turbines, they became improvements to real property.  See Krull, 522 N.W.2d at 611-12.  As part of a properly working steam turbine, the blankets were permanent additions to or betterment of real property

that enhanced the property's capital value. See id.; Jarnagin, 573 N.W.2d at 36-37. The asbestos blankets involved the expenditure of money and increased the power plant's usefulness or value by making it operate efficiently. See Krull, 522 N.W.2d at 611-12; Jarnagin, 573 N.W.2d at 36-37. Unlike the situation in Buttz, Harder was exposed to the asbestos after its initial attachment. See 557 N.W.2d at 91-92.

We also predict the Iowa Supreme Court would conclude the blankets did not lose their status as improvements when they were detached for maintenance. See Tallman, 558 N.W.2d at 211. Like the asbestos spray that was detached in Tallman but still considered an improvement, the blankets had been physically attached to the real property before Harder was exposed to them during their removal from the turbines. Our prediction construes Iowa's repose statute in a way that advances the policy behind the statute. To revive liability long after it has expired based on the improvement's temporary detachment is contrary to Iowa's "legislative policy decision to close the door after fifteen years on certain claims arising from improvements to real property." McKiness, 507 N.W.2d at 409. We do not think the Iowa Supreme Court would gut Iowa's statute of repose in this way.

We thus reverse the district court's denial of summary judgment to GE and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.